# O'Reilly's Appeal.

An account confirmed by the orphans' court will not be opened or reviewed if the reasons for so doing alleged in the petition are denied by the answer, and disproved.

A bill for review must state specifically the alleged errors, whether in law or in fact; a prayer that an account be opened must state the reasons therefor.

(Decided March 15, 1886.)

Appeal from the decree of the Orphans' Court of Berks County. Reversed.

NOTE.—The act of October 13, 1840 (P. L. 1), gives to the orphans' court the right to review accounts within five years after confirmation. This is

Henry Fry bequeathed a share of his estate in trust for his daughter Catharine Rapine. Edwin Shalter became trustee, and received, after deducting expenses, a trust fund of $3,279.05.

Shalter died in 1882, insolvent. James A. O'Reilly was appointed to fill the vacancy. Mahlon A. Moyer was appointed administrator of Shalter's estate, and was cited to file an account of his decedent as trustee aforesaid, which he did on June 10, 1882, showing a balance due the trust estate of $3,469.66.

The account was confirmed absolutely September 26, 1882. On February 3, 1883, the court decreed to James A. O'Reilly, trustee of Catharine Rapine, the sum of $3,469.66 with interest from June 10, 1882.

This amount not having been paid, in May, 1883, suit was brought against Jonas Shalter, the surety on the official bond of Edwin Shalter, and when the case was about being called for trial, the surety presented his petition to the orphans' court, asking a review of the account and permission to file exceptions.

The court granted a rule ' which was served on Mahlon A. Moyer, the accountant, who filed an answer, justifying the account filed by him and showing the data upon which it was based.

At the hearing, the court reduced the account by $150, which it allowed for commissions. From that decree the trustee appealed.

*James O'Reilly* and *Albert R. Heilig* for appellant.

*A. G. Green* and *G. B. Stevens* for appellee.

OPINION BY MR. JUSTICE TRUNKEY:

On April 10, 1878, Edwin Shalter filed an account showing

the duty of the court where error appears on the face of the record, or for new matter arising since confirmation, and, in the discretion of the court, for matters before, not discovered until after. Young's Appeal, 99 Pa. 74; Meckel's Appeal, 112 Pa. 554, 4 Atl. 447. The petition must show facts which would change the result. Finch's Estate, 26 Pittsb. L. J. N. S. 142; Wilbur's Estate, 9 Kulp, 327. It is not sufficient to show facts which raise a mere doubt as to the correctness of the decree, but clear error must be shown. Shield's Estate, 15 Phila. 561. By a proviso in the act of 1840 the right to review is not given when the balance due in the account has been actually paid and discharged.

that the trust money he had received on or before October 10, 1868, after payment of his charges, amounted to $3,279.05, and that he had duly paid the interest to Catharine Rapine.

After the decease of said Shalter, his administrator filed an account which was confirmed June 10, 1882, showing a balance of principal and unpaid interest of $3,469.66. On February 3, 1883, the court ordered said sum to be paid to O'Reilly, who had been appointed trustee.

Nearly eighteen months after confirmation of the account filed by the administrator, and after suit had been brought on the bond, the surety presented a petition setting forth that the balance purporting to be due is greatly in excess of the actual amount due, for the reason that the trustee had received a bond for $2,900, and, owing to the insolvency of the obligor, only $1,300 was collected.

This is the sole cause alleged why the account should be opened or reviewed; and it is denied by the answer and disproved. In fact, the trustee had received all the trust money, and afterwards loaned the sum of $2,900 to a personal friend without taking security as directed in the will. At the argument it was not pretended that credit should be allowed for the loss on that loan.

The orphans' court properly rejected the claim, but, for some reason not apparent in the record or testimony, allowed credit for $150 for commissions. No such credit is claimed in the petition. The accounts on their face show that the interest was paid by the trustee to Catharine Rapine, and a witness called by the petitioner testifies that "Edwin Shalter did deduct his commissions."

If the petition be treated as a bill of review, it should state specifically the alleged errors, whether in law or of fact. If treated as a prayer that the account be opened, the reasons therefor should be stated.

The inquiry is, whether a review shall be granted, or the account opened for a hearing. But consideration of questions touching regularity in the procedure may be forborne, for the evidence establishes that the petition is without merit and should be dismissed. There is literally nothing to justify opening the account, or granting a review.

Decree reversed, and petition dismissed at the costs of the appellee, Jonas Shalter, including costs in the Orphans' Court.